MARY'S OPINION HEADING 









NO. 12-09-00232-CR

 

IN
THE COURT OF APPEALS 

 

TWELFTH COURT OF
APPEALS DISTRICT

 

TYLER,
TEXAS

JAMES WILLIAMS,                                     §                      APPEAL
FROM THE 7TH

APPELLANT

 

V.                                                                    §                      JUDICIAL
DISTRICT COURT OF

 

THE STATE OF
TEXAS,

APPELLEE                                                   §                      SMITH
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

PER CURIAM

            James
Williams appeals his conviction for injury to a disabled individual.  Appellant=s
counsel filed a brief in compliance with Anders v. California,
386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and Gainous v.
State, 436 S.W.2d 137 (Tex. Crim. App. 1969). We dismiss the appeal.

 

Background

Appellant
was charged by indictment with the offense of injury to a disabled individual,
a third degree felony.[1]  Appellant
pleaded guilty to the offense charged in the indictment.  Appellant and his
counsel signed an agreed punishment recommendation, an acknowledgment of
admonishments, a waiver of jury trial, an agreement to stipulate testimony, and
a stipulation of evidence judicially confessing to the offense alleged in the
indictment. The trial court accepted Appellant=s
plea, deferred further proceedings without entering an adjudication of guilt,
and ordered that Appellant be placed on deferred adjudication community
supervision for seven years.[2]  The trial court also ordered that
Appellant pay a fine in the amount of $500.00, court costs, and restitution.  

The
State filed an application to proceed to final adjudication, alleging that
Appellant had violated the terms of his community supervision. Appellant and
his attorney signed a written plea admonishment and stipulation of evidence,
admitting as “true” all eight paragraphs of the allegations in the State’s
application. At the hearing on the application, Appellant again pleaded Atrue@
to the allegations contained in the State=s
application. After a hearing, the trial court found that the State proved the
allegations in its application, granted the State’s application, revoked
Appellant’s community supervision, and adjudged Appellant guilty as charged as
alleged in the indictment.  The trial court assessed Appellant=s
punishment at seven years of imprisonment, a fine of $450.00, court costs, and
restitution.[3]  This appeal
followed.

 

Analysis pursuant to Anders v. California

Appellant=s
counsel filed a brief in compliance with Anders and Gainous,
stating that he has diligently reviewed the appellate record and is of the
opinion that the record reflects no reversible error and that there is no error
upon which an appeal can be predicated. From our review of Appellant=s
brief, it is apparent that his counsel is well acquainted with the facts in
this case. In compliance with Anders, Gainous, and High
v. State, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978), counsel=s
brief presents a chronological summation of the procedural history of the case,
and further states that counsel is unable to raise any arguable issues for
appeal.[4]  We have reviewed the record for
reversible error and have found none. 

 

Conclusion

      As
required, Appellant=s counsel has moved for
leave to withdraw. See In re Schulman, 252 S.W.3d 403, 407 (Tex.
Crim. App. 2008) (orig. proceeding); Stafford v. State, 813
S.W.2d 503, 511 (Tex. Crim. App. 1991). We are in agreement with Appellant=s
counsel that the appeal is wholly frivolous and his motion for leave to
withdraw is hereby granted.  See In re Schulman,
252 S.W.3d at 408-09.

Counsel
has a duty to, within five days of the date of this opinion, send a copy of the
opinion and judgment to Appellant and advise him of his right to file a petition
for discretionary review. See Tex.
R. App. P. 48.4; In re Schulman, 252 S.W.3d at 411 n.35. 
Should Appellant wish to seek further review of this case by the Texas Court of
Criminal Appeals, he must either retain an attorney to file a petition for
discretionary review or he must file a pro se petition for discretionary
review. See In re Schulman, 252 S.W.3d at 408 n.22.  Any petition
for discretionary review must be filed within thirty days from the date of
either this opinion or the last timely motion for rehearing that was overruled
by this court. See Tex. R. App.
P. 68.2.  Any petition for discretionary review must be filed with this
court, after which it will be forwarded to the Texas Court of Criminal Appeals
along with the rest of the filings in this case.  See Tex. R. App. P. 68.3.  Any petition for
discretionary review should comply with the requirements of Rule 68.4 of the
Texas Rules of Appellate Procedure. See Tex. R. App. P. 68.4; In re Schulman, 252
S.W.3d at 408 n.22.

            We dismiss
Appellant=s appeal.

                                                                                                

Opinion delivered May 28, 2010.

Panel consisted of Worthen, C.J.,
Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)









[1] See Tex. Penal Code Ann. § 22.04(a)(3), (f) (Vernon Supp. 2009).





[2] See Tex.
Code Crim. Proc. Ann.
art. 42.12, ' 5(a) (Vernon Supp. 2009). 





[3] An individual adjudged guilty of a third degree
felony shall be punished by imprisonment for any term of not more than ten
years or less than two years and, in addition, a fine not to exceed $10,000.  Tex. Penal Code Ann. ' 12.34 (Vernon 2003).





[4] Counsel for Appellant certified that he provided
Appellant with a copy of his brief and informed Appellant that he had the right
to file his own brief.  Appellant was given time to file his own brief, but the
time for filing such
a brief has expired and we have received no pro se brief.